**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 14 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| PHILIP C. LANG, | No. 16-35502 |
| Plaintiff-Appellant, | D.C. No. 1:12-cv-01844-CL |
| v. | |
| OREGON SHAKESPEARE FESTIVAL ASSOCIATION, a domestic non profit company and CITY OF ASHLAND, a subdivision of the State of Oregon, | MEMORANDUM* |
| Defendants-Appellees. | |

| | |
|---|---|
| PHILIP C. LANG, | No. 16-35778 |
| Plaintiff-Appellee, | D.C. No. 1:12-cv-01844-CL |
| v. | |
| OREGON SHAKESPEARE FESTIVAL ASSOCIATION, a domestic non profit company, | |
| Defendant-Appellant, | |
| and | |
| CITY OF ASHLAND, a subdivision of the State of Oregon, | |

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Defendant.

Appeal from the United States District Court
for the District of Oregon
Ann L. Aiken, District Judge, Presiding

Submitted June 4, 2018[**]
Portland, Oregon

Before:  M. SMITH and MURGUIA, Circuit Judges, and KORMAN,[***] District Judge.

In these companion cases, plaintiff Philip C. Lang appeals the district court's summary judgment ruling for defendants Oregon Shakespeare Festival Association (OSF) and the City of Ashland (together, "defendants") on his Americans with Disabilities Act (ADA) claim, and OSF appeals the district court's denial of its motion for prevailing party attorney fees. We have jurisdiction pursuant to 28 U.S.C. §§ 1291, 1294, and we affirm in both cases.

We review the order granting summary judgment for defendants de novo. *See A.G. v. Paradise Valley Unified Sch. Dist. No. 69*, 815 F.3d 1195, 1202 (9th Cir. 2016). The ADA provides that "no qualified individual with a disability shall,

---

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Edward R. Korman, United States District Judge for the Eastern District of New York, sitting by designation.

2

by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. "An ADA plaintiff suffers a legally cognizable injury under the ADA if he is 'discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, [or] facilities . . . of any place of public accommodation.'" *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 952 (9th Cir. 2011) (en banc) (quoting 42 U.S.C. § 12182(a) (alterations in original)). As applicable here, the ADA defines the term "disability" as a "physical or mental impairment that substantially limits one or more major life activities of such an individual." 42 U.S.C. § 12102(1)(A). Whether a plaintiff is disabled for purposes of ADA standing is assessed at the time plaintiff filed their claim, here, October 15, 2012. *See Doran v. 7-Eleven, Inc.*, 524 F.3d 1034, 1043–44 (9th Cir. 2008).

Lang asserts that he was disabled when he filed his original complaint in October 2012 because his pain substantially limited his ability to walk. However, in his deposition testimony, Lang testified that he truthfully informed his doctors that he was totally pain-free from May 14, 2010 until January 2013, which includes the time when he filed his original complaint. In an attempt to establish that a genuine issue of fact exists on this issue, Lang relies on his own declaration, which the district court struck from the record by invoking the "sham affidavit rule," and

his treating physician's declaration, which the district court struck for failing to comply with Fed. R. Civ. P. 56(c)(1)(A). Lang failed to challenge the latter evidentiary ruling in his opening brief on appeal, and therefore, he has waived any challenge to that ruling. *See Miller v. Fairchild Indus., Inc.*, 797 F.2d 727, 738 (9th Cir. 1986). Moreover, as to both evidentiary rulings, he failed to establish that the district court abused its discretion in striking the declarations, and nothing in the record compels such a conclusion. *See Bias v. Moynihan*, 508 F.3d 1212, 1224 (9th Cir. 2007) ("Evidentiary rulings made in the context of summary judgment motions are reviewed for abuse of discretion and can only be reversed if [they were] both manifestly erroneous and prejudicial." (internal quotation marks and citation omitted) (alteration in original)).

Lang also relies on a declaration from Dr. Yoo to support his argument. Dr. Yoo's declaration states that Dr. Yoo diagnosed Lang with "foramenal [sic] stenosis" and an impingement in Lang's spine, and Lang's condition makes it very "difficult and painful for Lang to walk up stairs and steep slopes," because his "postural stability and gait are unstable and he is subject to falling." However, Dr. Yoo did not begin treating Lang until September 2013, nearly one year after Lang filed his original complaint. Accordingly, Dr. Yoo's declaration is insufficient to create a genuine issue of material fact about whether Lang's pain limited his ability to walk in 2012. *See* Fed. R. Civ. P. 56(c)(4) ("An affidavit or declaration used to

support or oppose a motion must be made on personal knowledge . . . ."); *see also Columbia Pictures Indus., Inc. v. Prof'l Real Estate Inv'rs, Inc.*, 944 F.2d 1525, 1529 (9th Cir. 1991) (declaration did not create a genuine issue of material fact because it was not based on personal knowledge); *Magallenes v. Bowen*, 881 F.2d 747, 754 (9th Cir. 1989) (administrative law judge properly rejected social security claimant's treating physician testimony about the onset of claimant's disability because physician did not treat claimant until two years after alleged onset, and therefore, physician lacked personal knowledge). Therefore, we affirm the district court's summary judgment ruling for defendants.

We review the district court's decision whether to award prevailing party attorney fees under the ADA for abuse of discretion. *Fischer v. SJB-P.D. Inc.*, 214 F.3d 1115, 1118 (9th Cir. 2000). The district court's factual determinations will not be set aside absent clear error, *id.*, and are afforded significant deference, *see TrafficSchool.com, Inc. v. Edriver Inc.*, 653 F.3d 820, 832 n.7 (9th Cir. 2011) (discussing *United States v. Hinkson*, 585 F.3d 1247, 1262 (9th Cir. 2009)). "Attorney's fees under § 12205 should be awarded to a prevailing defendant only if the plaintiff's action was frivolous, unreasonable, or without foundation." *Brown v. Lucky Stores, Inc.*, 246 F.3d 1182, 1190 (9th Cir. 2001) (internal quotation marks and citation omitted).

Contrary to OSF's argument, the district court applied the correct standard for determining whether to award prevailing party attorney fees. The district court concluded that the evidence revealed that Lang subjectively believed that he was disabled for the purposes of the ADA, and this conclusion was not clearly erroneous. While the facts, even taken in the light most favorable to Lang, do not establish a genuine issue of material fact about whether Lang had standing to pursue his claim in 2012, the record supports the district court's conclusion that Lang felt that he was disabled for purposes of the ADA and may have had standing after he filed his claim, and therefore, that his case was not frivolous or unreasonable for § 12205. *See Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421–22 (1978) (instructing that courts should not "engage in *post hoc* reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation."). In sum, the district court did not abuse its discretion in denying OSF's motion for attorney fees, and we affirm.

**AFFIRMED.**